**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY d/b/a SILICON VALLEY BANK, as Administrative Agent,<br><br>Plaintiff,<br><br>v.<br><br>PATRIOT BANK, N.A.,<br><br>Defendant. | Civil Action No.: 1:26-cv-03810 (JSR) |
| PATRIOT BANK, N.A.,<br><br>Counter-Plaintiff and Third Party Plaintiff,<br><br>v.<br><br>FIRST-CITIZENS BANK & TRUST COMPANY d/b/a SILICON VALLEY BANK, CARMEL SOLUTIONS LLC, and PARKER WAREHOUSE III LLC,<br><br>Counter-Defendant and Third Party Defendants. | |

**PARTIES' STIPULATION RE: PRODUCTION OF ESI**

**1. Purpose**

This Order governs the format of production of electronically stored information ("ESI") in this case but shall not be interpreted to require production of irrelevant or privileged information or disclosures beyond those required by the Federal Rules of Civil Procedure (including Rules 26, 34, and 37), the Local Civil Rules of the United States District Court for the Southern District of New York, or further order of the Court. The parties agree that discovery should be reasonable and proportional to the needs of the case consistent with Fed. R. Civ. P. 26(b)(1).

Requests for the production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. To the extent a Party reasonably believes that compliance with this Order imposes an undue burden with respect to any protocol or source, the parties shall promptly meet and confer in an effort to resolve the issue. If counsel do not reach agreement on how to resolve a non-agreed issue regarding compliance with the production format detailed in this Order within five (5) business days of their first meet and confer on the issue, counsel shall immediately notify the Court in accordance with the Individual Rules of Practice of the Hon. Jed S. Rakoff effective June 3, 2024, unless a different time period is agreed to by the Parties.

By stipulating to this Order, the parties agree to make diligent, reasonable, good faith efforts to identify discoverable sources of ESI and to ensure that this Order provides for production of all information in a reasonably usable form accompanied by metadata sufficient to accurately search and sort each party's production. The parties will commence and diligently conduct meet-and-confer communications (see above), if they identify discoverable ESI sources that are not adequately covered by the technical specifications in this Order and modify as necessary.

**2. Liaison**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and help resolve disputes.

**3. Search**

The parties agree that in responding to a production request, they will meet and confer about methods to search ESI, including but not limited to search terms, in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**4. Definitions**

The following definitions apply to this Order:

A. "Chat Communication" means communications generated via messaging applications other than email, including collaboration platforms with instant messaging such as Slack, Teams, Zoom, etc. and mobile device communications such as text messages, iMessage, WhatsApp, etc.

B. "Database" means an electronic collection of structured data (often maintained in a non-custodial manner).

C. "Family" means a group of static documents maintained as a single unit in the same location in the ordinary course of business (e.g., an email and its attachments).

D. "ESI" means electronically stored information.

E. "Extracted Text" refers to the text content of ESI that is electronically extracted during e-discovery processing.

F. "Native Format" means the default format of ESI generated by its original creating application, or the original export format of ESI.

G. "Optical Character Recognition" or "OCR" refers to the result of the process by which a hard copy document or non-searchable ESI is scanned by a computer to capture its text.

H. "Privileged Information" refers to information subject to a claim of attorney-client privilege, work-product protection, or other privilege or immunity.

I. "Producing Party" means any Party to this proceeding who produces documents or information under this Order.

J. "Receiving Party" means any Party to this proceeding who receives documents or information under this Order.

5. **Production Format**

**A. Default Production Format.** Subject to the exceptions for documents to be produced in Native Format, documents will be produced as Bates-stamped tagged image file format ("TIFF"), specifically single paged TIFF, images accompanied by an image load file, a data load file with fielded metadata, document-level extracted text for ESI, and OCR text for scanned hard copy documents, documents with redactions, and ESI that does not contain electronically extractable text. Detailed requirements, including files to be delivered in Native Format, are below.

**B. Bates Numbering.** Throughout the duration of this Action, each Producing Party shall use and apply a unique Bates prefix to its document productions, followed by an eight-digit, zero-padded sequential number (e.g., PARTY 00000001), applied consistently and consecutively without gaps within each production volume.

**C. De-duplication.** The parties will use industry standard MD5 or SHA hash values at the Family level to globally deduplicate all files identified for production, with the exception of short message data that cannot be deduplicated. Stand-alone ESI will not be compared to email attachments for deduplication purposes. Hard copy documents containing handwritten notes will not be considered as duplicative of any other document.

**D. Document Unitization.** Where documents with attachments are produced, they will be attached in the same manner as included in the original file. Where documents are produced and the full Family is not included, the Producing Party will identify the missing attachments by means of a "place holder" file explaining why the document was not produced.

Case 1:26-cv-03810-JSR Document 87 Filed 08/17/26 Page 5 of 11

1. Where the Producing Party converts hard copy documents into electronic format, distinct documents must not be merged into a single record, and single documents must not be split into multiple records.

2. Hard copy documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these divisions.

E. **Link Attachments.** Where a document contains a hyperlink to a file stored on a cloud-based platform (e.g., SharePoint, Google Drive, OneDrive, Dropbox, Sharefile), the parties will meet and confer regarding whether and how the linked file should be treated as part of the Family and collected and produced, including where the linked file cannot be resolved or is no longer accessible.

F. **Production Delivery.** Productions shall be delivered via secure online data transfer or on an external hard drive if the size of a production makes online transfer impractical.

G. **Encryption.** To maximize the security of information in transit, the Parties shall encrypt any physical media used for production. The Producing Party will provide the encryption key or password and instructions to the Receiving Party, upon receipt of the encrypted media.

H. **TIFF Image Requirements.**

1. TIFF images will be produced in black and white, 300x300 dpi Group IV single-page format and will be consecutively Bates-stamped.

2. Images will include the following content where present:

   a. For word processing files (e.g., Microsoft Word): Comments, "tracked changes," similar in-line editing and all hidden content.

b. For presentation files (e.g., Microsoft PowerPoint): Speaker notes, comments, and all other hidden content.

3. The parties may request color copies of any documents that cannot be accurately reviewed in black and white TIFF format. Documents produced in color shall be produced as JPEG images.

4. The parties will meet-and-confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review, Databases and Database reports, and any document types that cannot be accurately rendered or reviewed in image format.

**I. Native Production Requirements.**

1. Spreadsheet files (e.g., Microsoft Excel and .csv files) shall be provided in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

2. When redaction of a spreadsheet is necessary in image format, a redacted full TIFF version may be produced if the spreadsheet is manually formatted for optimal printing but shall be produced with the extracted text and applicable metadata fields set forth in Appendix A. Native redactions of spreadsheets are acceptable as long as metadata of the original document is preserved and an unredacted copy is maintained.

3. The parties may use a native redaction tool (e.g. Relativity Redact) to redact Privileged Information from documents produced in Native Format as long as the Receiving Party can easily identify the redactions.

Case 1:26-cv-03810-JSR Document 87 Filed 08/17/26 Page 7 of 11

4. Media files (e.g. .mp3, .wmv, etc.) will be produced in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

**J. Load Files.** A Concordance compatible data load file (.dat) will be provided with each production volume containing a header row listing all metadata fields included in the volume. Image load files (.opt) will be produced in Concordance/Opticon compatible format.

**K. Chat Communications.** Chat Communications will be produced in a reasonably usable and reviewable format that preserves conversational context, using the metadata fields identified in Appendix A. Absent agreement otherwise, individual messages will be grouped into 24 hour increments per channel or conversation by custodian.

**L. Extracted Text/OCR.**

1. The parties will not degrade the searchability of documents as part of the document production process. Electronically Extracted Text shall be provided if available for documents collected from electronic sources. Text generated via OCR shall be provided for all ESI that does not contain electronically extractable text (e.g., non-searchable PDF files or JPG images), documents redacted in image format, and hard copy documents.
2. Document text will be produced as separate, document-level text files and will not be embedded in the metadata load file.
3. Text files will be named according to the beginning Bates number of the document to which they correspond.

**M. Metadata.** The parties agree to produce the metadata fields listed in **Appendix A** where available. Parties are not obligated to produce metadata that is not reasonably available.

6. **Documents Protected from Discovery**

**A. Review and Redaction.** Documents containing both Privileged Information and responsive non-Privileged Information will be produced with the Privileged Information redacted in such a way as to show the location of the redaction within the document.

**B. Logging Procedures**

1. A Producing Party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privilege or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the Producing Party shall include such additional information as is necessary to evaluate the privilege claim.
2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery.

7. **Preservation of Discoverable Information**

Each party has taken reasonable steps to preserve discoverable ESI in accordance with applicable obligations under the Fed. R. Civ. P. 37(e) and governing case law. This Order does not alter any party's obligation to preserve evidence or limit the methods available to a party to preserve discoverable ESI.

**8. Inadvertent Production and Claw-back.**

The inadvertent disclosure of privileged or protected information shall not constitute a waiver of the applicable privilege or protection. If a party discovers that it has produced material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, the producing party shall promptly notify the receiving party and may request the return or destruction of the material. Upon notification, the receiving party shall cease review of the material and promptly return or destroy it, and any copies thereof, except to the extent necessary to preserve a record for dispute resolution. The parties agree this provision is intended to be interpreted consistently with Federal Rule of Evidence 502(b), Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(b)(5)(B), and Local Civil Rule 26.2 of the United States District Court for the Southern District of New York.

**9. Foreign Data Privacy Laws**

Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, e.g., the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

///

///

///

Dated: New York, New York
August 17, 2026

Case 1:26-cv-03810-JSR Document 87 Filed 08/17/26 Page 10 of 11

**SHEPPARD, MULLIN, RICHTER HAMPTON LLP**

By: */s/ Robert S. Friedman*
Robert S. Friedman
Joshua I. Schlenger
David S. Sanson

30 Rockefeller Plaza
New York, New York 10112

*Attorneys for Plaintiff / Counterclaim Defendant First-Citizens Bank & Trust Company d/b/a Silicon Valley Bank*

**MICHELMAN & ROBINSON, LLP**

By: */s/ Dmitriy Gelfand*
Sanford L. Michelman (*admitted PHV*)
Mona Z. Hanna (*admitted PHV*)
Warren A. Koshofer
Dmitriy Gelfand

605 Third Avenue, 30th Floor
New York, New York 10158

*Attorneys for Defendant / Counterclaim and Third Party Plaintiff Patriot Bank, N.A.*

**CARTER LEDYARD & MILBURN LLP**

By: */s/ Madelyn Kempner White*
Madelyn Kempner White

28 Liberty Street, 41st Floor
New York, New York 10005

*Attorneys for Third-Party Defendant Carmel Solutions LLC*

**SO ORDERED**

Dated: August 18, 2026

Hon. Jed S. Rakoff, USDJ

Case 1:26-cv-03810-JSR Document 87 Filed 08/17/26 Page 11 of 11

Appendix A

| | |
|---|---|
| Image Format: | **Single-page TIF Images of non-color documents.**<br>JPEG images of color documents |
| Native File Productions: | • Bates-stamped slip sheet and native file for spreadsheet, databases, proprietary file types, audio, or video.<br>• Slip Sheet Language: Slip Sheet will read "Document Produced in Native Format."<br>• All files will be named by Production Bates number. |
| Production Load Files | DAT file delimiter, OPT image load files (Concordance Format) |
| Production Searchable Text Files | Document-level Text Files (Extracted Text or OCR Text for Documents with Redactions) |
| Production metadata fields: | Production::Begin Bates<br>Production::End Bates<br>Production::Begin Attachment<br>Production::End Attachment<br>Confidentiality<br>Custodian<br>All Custodians<br>File Name<br>File Extension<br>Author<br>Email To<br>Email From<br>Email CC<br>Email BCC<br>Email Subject<br>Email Sent Date/Time<br>Email Received Date/Time<br>Domain (Author or Sender)<br>Domains (To or Recipient inclusive of CC/BCC)<br>Domains (CC) (only if separately available)<br>Domains (BCC) (only if separately available)<br>Sort Date/Time<br>Production::Has Redactions (Y/N)<br>Date/Time Last Modified<br>Date/Time Created<br>MD5 Hash<br>Unified Title |