UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, AS ADMINISTRATIVE AGENT, d/b/a SILICON VALLEY BANK,<br><br>Plaintiff,<br><br>v.<br><br>PATRIOT BANK, N.A.,<br><br>Defendant.<br><br>PATRIOT BANK, N.A.,<br><br>Counter-Plaintiff and Third Party Plaintiff,<br><br>v.<br><br>FIRST-CITIZENS BANK & TRUST COMPANY, AS ADMINISTRATIVE AGENT, d/b/a SILICON VALLEY BANK, CARMEL SOLUTIONS LLC, and PARKER WAREHOUSE III LLC,<br><br>Counter-Defendant and Third Party Defendants. | 26-cv-3810 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

On October 14, 2026, the Court entered a "bottom-line" order denying the motion of defendant Patriot Bank, N.A. ("Patriot") for an order modifying the Court's June 30, 2026, deadline to join additional parties and for leave to amend Patriot's third-party complaint. See ECF No. 133. This Memorandum Order explains the reasons for that decision.

## I. Background

The Court assumes familiarity with the factual background and procedural history of this case, which the Court recently recounted in its Opinion deciding the parties' competing motions to dismiss. See ECF No. 166, at 2-10. As relevant here, plaintiff First Citizens Bank and Trust Company (hereinafter "SVB")[1] filed its amended complaint bringing claims against Patriot on June 16, 2026. See ECF No. 35. Patriot's deadline to answer the amended complaint, as well as its deadline to join additional parties, was set for June 30. See ECF Nos. 32-33. On that date, Patriot filed an answer and also filed a third-party complaint that asserted a series of claims against SVB and third-party defendants Carmel Solutions LLC ("Carmel Solutions") and Parker Warehouse III, LLC ("Parker III"), see ECF No. 42.

On July 24, Carmel Solutions filed an answer to Patriot's third-party complaint. See ECF No. 71. In its answer, Carmel Solutions asserted that many of Patriot's allegations directed at it were actually attributable to a related but distinct entity, Carmel Servicing, LLC ("Carmel Servicing"). See id. ¶¶ 4, 49, 127, 161-62, 184, 319, 380. Additionally, as an affirmative defense, Carmel Solutions asserted that Patriot's third-party complaint should be dismissed because, among other reasons, it "faile[d] to join a necessary party because Carmel Servicing LLC is the proper party, not Carmel Solutions LLC." Id. at 151.

[1] As relevant to this action, First Citizens Bank does business as Silicon Valley Bank.

Thereafter, the parties proceeded to engage in several months of discovery. On September 25, Patriot moved for leave to amend its third-party complaint and to join Carmel Servicing as an additional third-party defendant. See ECF No. 116. Carmel Solutions opposed the motion and the parties completed briefing on October 1. See ECF Nos. 117, 120, 126 & 130. The Court denied Patriot's motion in a "bottom-line" order issued on October 14. See ECF No. 133.

## II. Analysis

Because Patriot's motion seeks to join an additional party months after the applicable June 30 deadline, the motion must satisfy Fed. R. Civ. P. 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." This is a stricter standard than the "permissive amendment standard" of Fed. R. Civ. P. 15. Ben & Jerry's Homemade, Inc. v. Conopco, Inc., No. 24-CV-8641 (PKC), 2026 WL 787766, at *1 (S.D.N.Y. Mar. 19, 2026).[2] The Court therefore limits its analysis to determining whether Patriot has shown good cause sufficient to satisfy Rule 16(b)(4).

For purposes of Fed. R. Civ. P. 16(b)(4), "a finding of good cause depends on the diligence of the moving party. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Accordingly, the good cause standard "require[s] movants to demonstrate that circumstances outside of their control prevented them from timely

[2] Except where otherwise indicated, all quotations in this Opinion omit citations, quotation marks, footnotes, brackets, ellipses, and other non-substantive alterations in source material.

seeking relief and that they diligently sought relief within a reasonable period." New York v. Trump, 158 F.4th 458, 466 (2d Cir. 2025). Furthermore, "while the diligence inquiry is the primary consideration, it is not the only consideration," and the Court, "in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 175 (S.D.N.Y. 2014); see Kassner v. 2d Avenue Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). Here, Patriot has failed to show either adequate diligence or absence of prejudice.

In the main, Patriot argues that although it is now clear that Carmel Servicing played a distinct role from Carmel Solutions with respect to the servicing of Parker Cards — and is therefore a relevant party to the instant dispute — that fact, Patriot claims, was not clear until a September 10 deposition revealed key information about the agreement between SVB, Carmel, and the various Parker entities. In brief, Patriot asserts the Backup Servicing Agreement ("BSA") executed by SVB, Parker Solutions, Parker III, and Carmel Solutions initially identified Carmel Solutions as the backup servicer for Parker Card receivables. See ECF No. 117, at 5; see also ECF No. 166, at 6. However, on or around May 19, 2026, SVB entered a new agreement making Carmel Servicing the backup servicer for Parker Card receivables. ECF No. 117, at 8. Thus, on Patriot's account, it was not until September

10 that it discovered that "both [Carmel] entities participated in the servicing conduct challenged in this action. ECF No. 117, at 1.

While the Court agrees that Carmel Servicing appears to be an actor in the dispute between the parties, the Court is not persuaded that Patriot acted with sufficient diligence to warrant amendment to the Court's deadline for joinder. The whole point of such a deadline is to avoid the substantial delays and prejudice that a belated joinder creates. Here, as Carmel Solutions points out, Patriot appears to have been aware as early as May 2026 that Carmel Servicing was taking steps to service the Parker Card receivables. See ECF No. 126, at 3-6 (Carmel Solutions's opposition memorandum detailing correspondence between Patriot and Carmel Servicing in late May 2026). Further, as summarized above, Carmel Solutions asserted in its answer that many of the allegations leveled against it are more appropriately attributed to Carmel Servicing. Indeed, Carmel Solutions raised Patriot's failure to join Carmel Servicing as an affirmative defense requiring dismissal. Carmel Solutions raised the very same argument again in its objections to Patriot's requests for production. See ECF No. 127-8, at 4. Yet it was not until months later that Patriot finally sought to join Carmel Servicing.

Patriot notes that a representation made by Carmel Solutions in its July 20 letter to this Court could reasonably be read to create some confusion as to its role with respect to the Parker Card receivables. See ECF No. 62. But, as Carmel again points out, Patriot's own motion for corrective action — to which the July 20 letter

responded — attached correspondence by Carmel Servicing and not Carmel Solutions. See ECF No. 54-2. Thus, even if Carmel Solutions created some ambiguity with its July 20 letter, there was ample reason for Patriot to have known that Carmel Servicing was a separate entity and that joinder may have been prudent. Instead, Patriot waited until discovery was virtually complete and the parties were fast approaching the summary judgment deadline to finally raise the issue of joinder. It is just such untimely and easily avoidable delays as this that have made the system of justice in this country so slow and so expensive, to the detriment of all concerned. And here, in any event, a joinder coming at the tail end of discovery is clearly prejudicial.

In sum, because Patriot has failed to "demonstrate diligence," Kassner, 496 F.3d at 244, and because joinder at this late stage would prejudice the defendants, the Court concludes that Patriot has failed to show good cause to amend the Court's applicable deadlines and join Carmel Servicing as a third-party defendant.

## III. Conclusion

For the foregoing reasons, the Court issued its October 14 "bottom-line" order denying Patriot's motion for an order modifying the Court's June 30, 2026, deadline to join additional parties and for leave to amend Patriot's third-party complaint. See ECF No. 133.

Dated: New York, NY
October 28, 2026

JED S. RAKOFF, U.S.D.J.